## KERN v CONTINENTAL BANK

Ohio Appeals, 3rd Dist, Putnam Co

No 270.  Decided May 12, 1932

George Fritz, Ottawa, and Benjamin F. James, Toledo, for plaintiff in error.

Unverferth & Unverferth, Ottawa, and Charles Varner, Continental, for defendant in error.

JUSTICE, PJ.

During the course of the trial, counsel for plaintiff sought to introduce in evidence, certain sections of the General Code; that is to say, §§710-173-175, 8147 and 8149. The defendant objected to the introduction of these statutes, and the trial court sustained the objections; and, as we see it, very properly so. The trial court took judicial notice of these sections and it was neither necessary nor proper for plaintiff to prove them.

On cross-examination of C. P. Palmer, the cashier of the defendant bank, counsel for plaintiff inquired of him if he did not know, at the time he certified the check, that it was a violation of the law and a penitentiary offense to so do, without making an entry of the certification upon the books of the bank. The defendant objected and the trial court sustained the objection. Counsel for plaintiff in error contend that this ruling constitutes reversible error. This contention is not tenable, for the reason that the same question in substance, had been theretofore propounded to C. P. Palmer and by him, on page 10 of the bill of exceptions, answered in these words: "I think we complied with the law." Manifestly, counsel cannot complain if the trial court does not permit him to ask and re-ask a question which is merely couched in different language but which in its last analysis is the same question and calls for the same answer.

Other objections and exceptions appear in the bill of exceptions, to the rulings of the trial court in the rejection of evidence, but they are not pointed out in the brief and hence are not noticed by us. §12248, GC. Burke v Burke, 36 Oh Ap 551, (8 Abs 682).

After the arguments had been completed, and before the trial court began its charge to the jury, the plaintiff requested, in writing, the trial court to give the following instructions:

"No. 1. I hereby charge you that on June 3, 1922, there was a Section of our General Code which provided that 'whoever, being an officer, employee, agent, or drawer of a bank wilfully certifies a check drawn on such bank, and fails forthwith to charge the amount thereof against the account of the drawer thereof * * * shall be fined not more than $5000.00 or imprisoned not less than one year or more than five years, or both.'"

"No. 2. I hereby further charge you that on June 3, 1922, there was a section of our General Code which provided that, 'Whoever, being an officer or employee of a bank * * * certifies a check unless there has been regularly entered to the credit of the drawer thereof upon the books of such bank, an amount at least equal to the amount of such check, shall be fined not more than $5000.00 or imprisoned not less than one year nor more than five years, or both.'"

The trial court refused to give these special requests, or the substance thereof in its general charge, and counsel for plaintiff in error contend that prejudicial error has intervened by reason thereof.

Concededly, plaintiff had on deposit, subject to his check, at the time of the issuance and delivery of the certified check in question, a sum of money in excess of $350.00. Hence, request No. 2 had no place in this case, and the trial court did right in refusing to give it, or the substance thereof. There was no issue of fact which justified the trial court in giving such a request.

Turning now to request No. 1. Admittedly, the defendant bank did not enter upon its books, any charge against the account of plaintiff below by reason of the issuance and delivery of the certified check. C. P. Palmer the cashier, Paul Mutz, the assistant cashier, and Helen Eckerman the bookkeeper, all testified that no record of the issuance of the $350.00 certified check was made. Manifestly, §710-173 GC, or at least certain portions of said section, requires the entrance of such a charge. But did the trial court err to the prejudice of plaintiff in error in not submitting this request to the jury? We do not think so.

The real question was whether or not plaintiff parted with $350.00 of his money, that is, did the bank become the gainer of that sum by reason of the plaintiff parting therewith? If the plaintiff turned over to the bank, $350.00 and received the certified check in lieu thereof, no one would contend that plaintiff ought not recover on the check. On the other hand, if the plaintiff did not give to the bank, at the time of the receipt by him of the certified check, $350.00, but the certified check was handed to the plaintiff without anything of value passing from the plaintiff to the defendant bank, the transaction being merely one of accommodation on the part of the bank, why, surely, no one would say that the plaintiff should recover in this case simply because the bank officials had failed to make an entry on the books of the bank of the issuance and delivery of the certified check in question and had failed to charge plaintiff's account therewith.

Now, does the fact that no record of the issuance of the certified check appears on the books of the bank, tend in any way to prove the depositing, turning over, parting with, by plaintiff of $350.00 to the bank? We do not think so. C. P. Palmer the cashier, if answerable under §710-173, GC, would be just as amenable thereto whether the $350.00 was paid by plaintiff to the bank or not. The offense is to certify a check and "fail forthwith to charge the amount thereof against the account of the drawer thereof." That is to say, it is an offense for an officer of the bank to issue and deliver a certified check without charging the amount of the certified check against the account of the drawer of the check. So that, whether the $350.00 was paid or was not paid, would not have anything whatsoever to do with the liability under §710-173 GC of an officer who issued a certified check and failed forthwith to charge the amount against the account of the drawer thereof. Hence, the trial court did right in refusing to give this request. Had the trial court given the request, it would by so doing have simply muddied the waters, and have brought into the case matters which would have confused the jury and led the jurors away from the real problem at hand, namely, did the plaintiff part with $350.00 of his money to the bank at the time that the certified check was issued and delivered to him.

The last claim of error has to do with the sufficiency of the evidence. The testimony is in conflict. The plaintiff says that he parted with the $350.00 and the bank offi-

cials, namely Paul Mutz the assistant cashier, told the court and jury that plaintiff did not part with $350.00. The plaintiff says that he did not bring suit on this certified check sooner, because he had lost it, and that for seven years or more, he could not find it. He says that some six days after the township clerk had returned the certified check to him, he mentioned to C. P. Palmer that he had lost the certified check and wanted to know if he could not put up a bond, and thereby get his money, and that Palmer told him that that could not be done. However, Palmer denies that plaintiff mentioned to him that the certified check had been lost, and says that the first that he heard anything about the certified check after it had been issued on June 2, 1922, was in the year 1930. All told, this case, so far as the facts are concerned, is peculiarly one that should be settled and determined by a jury, under proper instructions, and we cannot say that the jury's finding, as evidenced in its verdict, is decidedly against the weight of the evidence. Hence, under the rule of law enounced in **Dean v King, 22 Oh St, 118, 134,** we, as a reviewing court, must not disturb the verdict on this ground.

It occurs to us that nothing further need be said except the announcement of our conclusion, which is an affirmance of the judgment of the Court of Common Pleas.

Judgment affirmed.

CROW and KLINGER, JJ, concur.